## TOURO vs. CUSHING.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff and intervening party claim the money in the hands of the garnishees, as the amount of a debt heretofore due to the defendant: the plaintiff as attaching creditor; and the intervening party, as assignee of the defendant. The intervening party prevailed in the district court and the plaintiff appealed

East'n District.
*July*, 1823.

DES BOULETS
*vs.*
GRAVIER.

The service on the debtor of a copy of the assignment, is not essentially requisite, to vest the debt in the assignee. Notice to the former suffices.

East'n District.
July, 1823.

Touro
vs.
Cushing.

The assignment is not denied; but it is contended that the debt was attached, before the assignee became legally possessed of it, as regards third persons.

The testimony shows that the assignee's agent (in New Orleans) gave notice of the assignment to the debtor, but did not give him a copy of the assignment.

The plaintiff's counsel insists that the property of the debt, notwithstanding this notice, remained in the defendant, did not pass to the assignee, and was consequently a proper object of attachment. He urges that the service of a copy of the assignment is necessary to vest the debt in the assignee, as regards third persons. *Civil Code*, 369, *art.* 122.

The difficulty results from the variance of the texts of the code. The French, invoked by the plaintiff, requires a *signification du titre*, i. e. the legal service of a copy of the assignment, while the English, resorted to by the assignee is satisfied by a *notice* to the debtor of the transfer.

These texts present two distinct ideas to the mind. In the case of *Gray* vs. *Trafton & als.* 12 *Martin*, 702, we thought that a compliance with *either* requisite, sufficed to vest the as-

signor's right in the assignee, as to third per-
sons. A contrary decision would render our code
a *decoy*, rather th n a *beacon*. We see no rea-
son to be dissatisfied with the former decision.

TOURO
*vs.*
CUSHING.

It is, therefore, ordered, adjudged and de-
creed, that the judgment of the district court
be affirmed with costs.

*Morse* for the plaintiff, *Grima* for the defen-
dant.